**WEISSLAW LLP**
Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: (310) 208-2800
Facsimile: (310) 209-2348

Attorneys for Plaintiff
Colleen Witmer

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN WITMER, on Behalf of Herself and All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IXIA, ERROL GINSBERG, BETHANY MAYER, LAURENT ASSCHER, JONATHAN FRAM, GAIL HAMILTON, ILAN DASKAL, KEYSIGHT TECHNOLOGIES, INC., and KEYSIGHT ACQUISITION, INC.,<br><br>Defendants. | Case No. 2:17-cv-01483-R-AFM<br><br>Assigned To Hon. Manuel L. Real<br><br>**STIPULATION OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)**<br><br>Action Filed: February 23, 2017<br>Trial Date:   None Set |

Plaintiff Colleen Witmer and Defendants hereby stipulate as follows:

## **RECITALS**

WHEREAS, Plaintiff filed the above-captioned action (the "Action") challenging the public disclosures made in connection with the proposed acquisition of Ixia ("Ixia"), by Keysight Technologies, Inc., and Keysight Acquisitions, Inc., pursuant to an agreement and plan of merger filed with the United States Securities

and Exchange Commission ("SEC") on or around February 15, 2017 (the "Transaction");

WHEREAS, the Action asserts claims for violations of sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by Defendants alleged to have been made in Ixia's Proxy Statement (the "Proxy Statement") filed with the SEC on or around February 15, 2017;

WHEREAS, on April 5, 2017, Ixia filed an amendment to the Proxy Statement that included certain additional information that mooted claims regarding the sufficiency of the disclosures in the Proxy Statement (the "Supplemental Disclosure");

WHEREAS, Plaintiff's Counsel believes they may assert a claim for a fee in connection with the prosecution of the Action and the issuance of the Supplemental Disclosure, and have informed Defendants of their intention to petition the Court for such a fee if their claim cannot be resolved through negotiations between counsel for Plaintiff and Defendants (the "Fee Application");

WHEREAS, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee Application;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or her attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award; and

WHEREAS, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious.

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, that:

2
STIPULATION OF DISMISSAL

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's forthcoming Fee Application, if such Fee Application becomes necessary.

4. This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding Plaintiff's Fee Application at a time convenient to the Court.

7. If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

IT IS SO STIPULATED.

///

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

| | | |
|---|---|---|
| 1 | Dated: April 17, 2017 | **WEISSLAW LLP** |
| 2 | | |
| 3 | | By: */s/ Joel E. Elkins* |
| | | Joel E. Elkins |
| 4 | | Attorneys for Plaintiff |
| 5 | | Colleen Witmer |

**OF COUNSEL:**

Dated: April 17, 2017          **RIGRODSKY & LONG, P.A.**

By: */s/ Brian D. Long*
        Brian D. Long
Attorneys for Plaintiff
Colleen Witmer

Dated: April 17, 2017          **BRYAN CAVE LLP**

By: */s/ Christopher L. Dueringer*
        Christopher L. Dueringer
Attorneys for Defendants
Ixia, Errol Ginsberg, Bethany Mayer, Laurent Asscher, Jonathan Fram, Gail Hamilton, and Ilan Daskal

Dated: April 17, 2017          **IRELL & MANELLA LLP**

By: */s/ Craig I. Varnen*
        Craig I. Varnen
Attorneys for Defendants
Keysight Technologies, Inc. and Keysight Acquisitions, Inc.

**OF COUNSEL:**

Dated: April 17, 2017          **CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: */s/ Meredith Kotler*
        Meredith Kotler
Attorneys for Defendants
Keysight Technologies, Inc. and Keysight Acquisitions, Inc.